FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 APR -3  PM 4: 52

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ ɪᴄᴄᴄ
              DEPUTY

JUSTINE SMITH,

                    Plaintiff,

-vs-                                          Case No.  A-13-CA-1012-SS

FEDERAL   NATIONAL   MORTGAGE
ASSOCIATION   a/k/a   Fannie   Mae   and
CITIMORTGAGE INC.,

                    Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Federal National Mortgage Association and CitiMortgage, Inc.'s Motion for Summary Judgment [#14], Plaintiff Justine Smith's Response [#15], and Defendants' Reply [#16]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion for summary judgment.

### Background

This is a lawsuit challenging CitiMortgage's foreclosure on the property located at 13180 Fieldstone Loop, Austin, Texas 78737 on February 7, 2012. Smith purchased the property in 2006, executing a Note and Deed of Trust[1] in favor of the original lender, State Bank d/b/a Capstar Lending. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. (MERS) as

---

[1] Technically, Smith executed two notes and two deeds of trust—one primary, and one subordinate. Neither party contends this particular wrinkle has any effect on the outcome of this case. The Court refers to the documents together as the Note and Deed of Trust.

beneficiary, and as nominee for the lender. On October 12, 2010, MERS assigned the Note and Deed of Trust to CitiMortgage.

Smith began missing payments in 2008, and eventually defaulted.[2] In October 2009, CitiMortgage sent Smith a Home Affordable Modification Trial Period Plan. Mot. Summ. J. [#14-1], Ex. 1-E. The Trial Period Plan allowed Smith to make three monthly payments of $1,180.24—less than her then-current monthly mortgage payment. *Id.* at 2. The Trial Period Plan expressly stated it was only "the first step," and only after Smith's compliance and CitiMortgage's confirmation of Smith's eligibility would CitiMortgage "finalize [Smith's] modified loan terms and sen[d] [Smith] a loan modification agreement." *Id.* at 3. The Trial Period Plan also informed Smith, "In addition to successfully completing the trial period, you will need to sign and promptly return to us both copies of the Modification Agreement or your loan can not be modified." *Id.*

Smith made the first two payments as required by the Trial Period Plan, but her third and final payment was made nearly three weeks late. As a result, CitiMortgage did not provide a loan modification agreement. CitiMortgage eventually foreclosed on the property in 2012, and began eviction proceedings to remove Smith from the property.

Smith filed this suit on October 30, 2013 in the 274th Judicial District Court of Hays County, Texas.[3] Smith asserted causes of action for (1) breach of contract, and (2) fraud, and sought a declaration she had complied with the Trial Period Plan, had not defaulted, and therefore the

---

[2] CitiMortgage does not provide an exact default date or month in its motion.

[3] Smith previously filed two bankruptcy actions to prevent foreclosure, but both actions were ultimately dismissed. Smith also filed a state court lawsuit challenging CitiMortgage's authority to foreclose in March 2012, but ultimately dismissed that suit, too.

Substitute Trustee's Deed is void. CitiMortgage removed to this Court on the basis of diversity jurisdiction. CitiMortgage now moves for summary judgment on all claims.

Analysis

## I.      Motion for Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.     Application

As an initial matter, the Court notes Smith has not submitted any summary judgment evidence with her Response. Although the Response makes some references to excerpts from Smith's deposition,[4] no exhibits were filed with the Response. Therefore the only summary judgment evidence in the record is the undisputed evidence provided by the Defendants. That evidence shows Defendants are entitled to summary judgment on Smith's claims.

## A.     Breach of Contract

Smith's breach of contract claim asserts she entered into a contract with CitiMortgage—the Trial Period Plan—whereby CitiMortgage agreed to forego foreclosure in exchange for Smith

---

[4] Assuming Smith's Response references the same deposition of Smith in the prior state court lawsuit, some portions of that deposition provided by Defendants overlap with the citations given by Smith.

making three timely payments. Smith contends she made all three payments, but CitiMortgage "misapplied" her January payment and eventually foreclosed on the property. Defendants argue they are entitled to summary judgment on this claim because: (1) the Trial Period Plan was not a binding contract; (2) even if it was, Smith breached the agreement by missing her January payment; and (3) Smith has no evidence of damages.

Defendants' arguments are well taken. First, the Trial Period Plan was not a binding contract between the parties. The Trial Period Plan expressly stated it would "not take effect unless and until both [Smith] and the Lender sign[ed] it and Lender provide[d] [Smith] with a copy of th[e] Plan with the Lender's signature." Mot. Summ. J. [#14-1], Ex. 1-E, at 5. Neither Smith nor Defendants have provided mutually signed copies of the Trial Period Plan. This fact alone is fatal to Smith's claim. *See Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x 548, 554 (5th Cir. 2012) (unpublished) (affirming motion to dismiss breach of contract claim based on Trial Period Plan with identical sign-and-return requirement because plaintiffs "neither produced . . . a signed contract nor allege[d] such a signed contract exists").[5]

Second, even if the Trial Period Plan *was* an enforceable contract,[6] Smith cannot succeed on her claim because she breached first by failing to make her third payment by January 1, 2010. "It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for

[5] Although Defendants refer to *Pennington* as "binding," unpublished opinions from the Fifth Circuit are not binding precedent. *See* Fifth Circuit Rule 47.5.4 ("Unpublished opinions issued on or after January 1, 1996, are not precedent . . . ."). *Pennington* nevertheless remains persuasive because it dealt with a functionally identical contract and claim, and Smith makes no effort to respond to or distinguish the case.

[6] Smith's pleading reveals her claims to be premised on the written representations contained in the Trial Period Plan. To the extent Smith intended to sue to enforce any oral representations made by CitiMortgage or Fannie Mae representatives regarding her mortgage, her claims would be barred by the statute of frauds because any modification to a thirty-year loan agreement in excess of $50,000 must be in writing to be enforceable. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotation marks omitted). The summary judgment record contains a check from Smith to CitiMortgage in the amount of the January payment dated January 20, 2010, nearly three weeks after the payment was due. Mot. Summ. J. [#14-1], Ex 1-F. Additionally, it is this untimely payment which Smith contends CitiMortgage "misapplied," so even if CitiMortgage made an error in applying the payment, the payment was undisputedly *not* made in compliance with the terms of the Trial Period Plan. *See id.* [#14-8], Ex. 8-A (Smith Depo.), at 87–88. "It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004). Alternatively, CitiMortgage's agreement to forego foreclosure was limited to the period of the Trial Period Plan, and Smith's breach of the Trial Period Plan terminated the contract in 2010, thus allowing Defendants to proceed with foreclosure in 2012. Mot. Summ. J. [#14-1], Ex. 1-E, at 6 (requiring Smith to acknowledge "Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates").

Third, Smith has offered no evidence of any contract damages. Other than stating "[t]he foreclosure certainly damaged Plaintiff," Smith's Response makes no effort to establish damages. Pl.'s Resp. [#15], at 5. Because damages are one of the "essential elements of a breach of contract claim," Smith's failure to offer any evidence establishing damages entitles Defendants to summary judgment on this claim. *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Defendants are entitled to summary judgment on Smith's breach of contract claim.

**B.      Fraud**

Smith's fraud claim is, in essence, identical to her breach of contract claim. Specifically, Smith asserts Defendants committed common-law fraud by inducing Smith to enter into the Trial Period Plan on the false promise they would not foreclose if Smith made the required payments, but then foreclosed anyway.

"The elements of common-law fraud are that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party acted in reliance upon the representation; and (6) the party suffered injury." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998).

Defendants' response attacks a number of fraud-based theories, and eventually expands into wrongful foreclosure and other similar claims. Nothing in Smith's petition supports any fraud-based cause of action other than common-law fraud. *See* Pl.'s Resp. [#15], at 2 ("Plaintiff's lawsuit . . . asserts a breach of contract claim and a fraud claim."). Smith's fraud claim fails for the same reasons her contract claim fails—CitiMortgage did what it offered to do: hold off any attempt to foreclose while Smith attempted to make three timely payments and, eventually, secure a loan modification. Even assuming the Trial Period Plan was a binding contract, when Smith failed to make a timely third payment, CitiMortgage was relieved of any obligations it may have had under that agreement. Smith therefore has no evidence of any false representation, or knowledge of such a representation. Smith's fraud claim is nothing more than an attempt to artfully replead her breach

-7-

of contract claim, and is therefore barred by the economic loss doctrine because the parties' obligations were governed wholly by the mortgage documents. *See Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.").[7]

Defendants are entitled to summary judgment on Smith's fraud claim.

## Conclusion

Smith has failed to show the existence of any genuine dispute as to any material fact, and Defendants have shown themselves entitled to summary judgment on all claims.

Accordingly,

IT IS ORDERED that Defendants Federal National Mortgage Association and CitiMortgage, Inc.'s Motion for Summary Judgment [#14] is GRANTED.

SIGNED this the 3rd day of April 2014.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[7] Smith's petition does contain a single reference to misrepresentations allegedly made by Fannie Mae, namely statements Fannie Mae would sell the property back to Smith. Smith does not address this claim in her Response, focusing entirely on CitiMortgage's alleged misrepresentations through the Trial Period Plan. To the extent Smith intended to plead any distinct fraud claim against Fannie Mae, Smith has offered no evidence of any representations, no evidence of their falsity, no evidence she relied on those representations. In fact, Smith admits she did not have the necessary funds either to bring her mortgage current or repurchase the property from Fannie Mae. Smith Depo. at 122–23, 133.